Sixth Circuit—Comprised of the States of Ohio, Michigan, Tennessee, Kentucky.

Presiding Justice, William R. Day of Ohio, Justice of Supreme Court.

Circuit Judges—Loyal E. Knappen, Grand Rapids, Michigan; Arthur C. Denison, Grand Rapids, Michigan; Maurice H. Donahue, New Lexington, Ohio.

Clerk—Arthur B. Mussman, Cincinnati.

Deputy Clerk—Frank A. Hight, Federal Building, Cincinnati.

Terms, at Cincinnati, Federal Building, on the first Monday of October, and adjourned sessions on the Tuesday after the first Monday of each other month in the year, except August and September.

At the October, February and May sessions of the court (called Calendar Sessions), there is a regular and peremptory call of the calendar containing all the cases on the docket, which should be ready for hearing.

At the July session, no cases are heard, except on special order of the court.

This Term began October 2, 1922.

### RULES OF COURT
#### Return Days

All appeals, writs of error and citations must be made returnable not exceeding thirty days from the day of signing the citation, whether the return day fall in vacation or in term time, and be served before the return day.

#### Briefs

Counsel for defendant in error or appellee before the first day of the term if the clerk deliver to him a printed record of the case 60 days before the first day of such term; or 20 days if the record is delivered not less than 80 days before the first day of such terms, and in all other cases 15 days after receipt of such printed record, within the same time such counsel shall give to counsel of defendant in error or appellee five printed copies of such brief.

### No. 140
UNITED STATES v. L. S. & M. S. RY. CO., et al.
U. S. Court of Appeals, Sixth Circuit

MONOPOLIES—(1) Jurisdiction retained—(2) Discretion of trustee—(3) Agreement to dispose of stock illegal.

#### EPITOMIZED OPINION
PER CURIAM:

The court had heretofore found that an illegal combination existed, and had ordered it dissolved, retaining jurisdiction to make further orders to carry the decree into effect. Companies owned each others' stock. The defendant, in an attempt to comply with the order, deposited stock of another company to secure bonds outstanding. The trustee in bond mortgage was to dispose of this stock as directed by the defendant. The mortgage vested in trustee's discretion as to releasing items held as secuity. Held:

1. The condition that the securities should be disposed of as directed by the defendant·is illegal and void, as it retains control in violation of the order that they be sold.

2. The vesting in trustee of discretion as to selling is reasonable.

3. If said securities are not sold by said trustee to persons approved by the court, the court will appoint a receiver to make sale to persons who will satisfy the court. The order dissolving the combination will be carried out.